# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHATCHAI UDOMPORN, | DOCKET NUMBER |
| Appellant, | SF-1221-15-0064-W-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: May 1, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chatchai Udomporn, Palmer, Alaska, pro se.

Jason A. VanWagner, Andrews Air Force Base, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a prohibited personnel practice complaint with the Office of Special Counsel (OSC) arguing, among other things, that he was retaliated against for filing a grievance against his employing agency in April 2010. Initial Appeal File (IAF), Tab 1. OSC issued the appellant a close-out letter informing him of his right to file a request for corrective action with the Board, which he timely filed. *Id*. Based on the broad nature of the appellant's allegations supporting his request for corrective action, the administrative judge apprised the appellant of several different ways he could establish the Board's jurisdiction over an IRA appeal. IAF, Tab 3. In response, the appellant challenged both the administrative judge's impartiality and the substantive standards for establishing jurisdiction over an IRA appeal, IAF, Tab 11, and the agency subsequently filed a narrative response and motion to dismiss for lack of jurisdiction, IAF, Tab 8.

¶3 The administrative judge issued an initial decision dismissing the appellant's IRA appeal for lack of jurisdiction on two separate grounds. IAF, Tab 13, Initial Decision (ID). First, the administrative judge found that the appellant failed to exhaust his administrative remedies with OSC regarding a possible claim of whistleblower reprisal under 5 U.S.C. § 2302(b)(8) because he failed to

demonstrate that he specifically presented his allegation of whistleblower reprisal to OSC prior to filing his IRA appeal. ID at 3-4. Next, the administrative judge found that the Board lacked jurisdiction over the appellant's allegation of reprisal based on his filing a grievance in April 2010 under 5 U.S.C. § 2302(b)(9) because prior to December 27, 2012 (the effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465), the Board lacked IRA jurisdiction over an allegation of a prohibited personnel practice under section 2302(b)(9). ID at 5-6; *see Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 13 (2014) (prior to the enactment of the WPEA, an individual could only seek corrective action from the Board for retaliation for whistleblowing under section 2302(b)(8)). In his initial decision, the administrative judge further explained that, although an employee can now file an IRA appeal under the WPEA based on an allegation of reprisal for filing a grievance under section 2302(b)(9)(A)(i),[2] this right only extends to such allegations of reprisal occurring on or after the effective date of the WPEA. ID at 6 (citing *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶¶ 17-18 (2013)).

¶4      The appellant has filed a lengthy petition for review challenging the jurisdictional dismissal of his appeal, the impartiality of the administrative judge, and the Board's general processes for adjudicating IRA appeals. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 3, 6.

¶5      Generally, the Board has jurisdiction over an IRA appeal only if the appellant exhausts his administrative remedies with OSC. *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013). To properly exhaust his administrative remedies before OSC, the appellant must show either

---

[2] Section 2302(b)(9)(A)(i) further requires that the grievance must concern "remedying a violation of [section 2302(b)(8)]," i.e., a grievance challenging alleged whistleblower reprisal.

(a) OSC has notified him that an investigation concerning him has been terminated and no more than 60 days have elapsed since notification was provided to him; or (b) 120 days have elapsed since he sought corrective action from OSC, and he has not been notified by OSC that it shall seek corrective action on his behalf. *Id*. The Board has consistently held that it may only consider the specific allegations of reprisal which have been presented to OSC. *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004). The Board's jurisdiction over an IRA appeal is thus limited to the issues the appellant specifically raised before OSC, and an appellant must articulate with reasonable clarity and precision before OSC the basis for his request for corrective action in order to provide OSC with a sufficient basis to pursue an investigation that could lead to corrective action. *Id*.

¶6        We agree with the administrative judge that, to the extent that the appellant attempted to raise a claim of whistleblower reprisal under section 2302(b)(8) in his IRA appeal, he failed to present evidence that he exhausted his specific alleged protected disclosures with OSC. ID at 2-3. We fully concur with the administrative judge that the appellant's submission lacks any specificity regarding alleged reprisal for making a protected disclosure under section 2302(b)(8). *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006) (vague and conclusory allegations of wrongdoing do not constitute nonfrivolous allegations establishing Board jurisdiction); ID at 2-3.

¶7        We further agree with the administrative judge that the appellant cannot establish the Board's jurisdiction over his IRA appeal under the expanded provisions of the WPEA. ID at 5-6. Under the WPEA's expanded IRA provisions, an employee may now seek corrective action from the Board concerning any personnel action taken, or proposed to be taken, against him as a result of a prohibited personnel practice described in section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). *See Miller*, 122 M.S.P.R. 3, ¶ 15. The Board has held, however, that an employee cannot bring an IRA appeal under one

of these new IRA provisions based on events that occurred before the December 27, 2012 effective date of the WPEA. *Id*. Here, the appellant alleged that he was retaliated against for filing a grievance in April 2010, over 2 years prior to the WPEA's effective date.[3] We therefore agree with the administrative judge that the appellant is unable to establish the Board's jurisdiction under the expanded IRA provisions of the WPEA, and we AFFIRM the jurisdictional dismissal of the initial appeal.[4]

¶8      Finally, we find that the appellant has not carried his heavy burden of establishing administrative judge bias. *See, e.g.*, *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 6 (2002). Here, the appellant's claim of bias focuses on the administrative judge's issuance of the Board's standard acknowledgment order and a separate jurisdictional order explaining the relevant standards of proof. *See* IAF, Tab 9. In order to prove his claim of bias, the appellant must show that the alleged bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before the administrative judge. *See Tyler*, 90 M.S.P.R. 545, ¶ 6. The appellant's claims, however, focus on the administrative judge's conduct and the orders he issued during the proceedings below and thus fail to demonstrate a claim of bias. *Id*.

---

[3] In *Miller*, the Board further found that the WPEA's expanded provisions should not be applied to events predating the effective date of the WPEA even when the request for corrective action has been filed with the Board after the WPEA's effective date. *See Miller*, 122 M.S.P.R. 3, ¶ 15 n.5. Thus, it is of no moment that the appellant filed his request for corrective action with the Board after the WPEA's effective date. *See id*., ¶ 13 (finding that the Board lacked jurisdiction over claims under section 2302(b)(9) based on the law in effect at the time of the events at issue).

[4] To file an IRA appeal based on alleged retaliation under section 2302(b)(9)(A)(i), the appellant must allege that he filed a grievance, complaint, or appeal as to remedying an alleged violation of whistleblower reprisal under section 2302(b)(8). *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). The April 2010 grievance at issue did not concern remedying an alleged violation of section 2302(b)(8). *See* PFR File, Tab 1, Subtab 46 (copy of the April 2010 grievance). Thus, even if the WPEA's expanded IRA provisions applied, which they do not, the appellant's activity would fall outside of the Board's expanded IRA jurisdiction under section 2302(b)(9)(A)(i). *See Mudd*, 120 M.S.P.R. 365, ¶ 7.

¶9         Accordingly, the administrative judge's jurisdictional dismissal of the appellant's IRA appeal is AFFIRMED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.